**Bobby Dawson METTS, Appellant,**

v.

**Jo Ann Mitchell METTS, Appellee.**

Court of Appeals of Kentucky.

Feb. 12, 1971.

Robert R. Watson, Watson & Watson, Middlesboro, for appellant.

William A. Young, Young & Williams, Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

The basic question presented by this appeal concerns the amount awarded appellee, the wife, by way of property settlement and future alimony allowance. Appellant, the husband, presents other legal discussions springing from the basic question. We conclude from the record that the judgment appealed from is certainly not unjust or inequitable to the husband and should be affirmed. We do not determine the question whether the judgment is equitable to the wife, she not having cross-appealed.

The parties herein were married in 1961, at a time when neither of them had any substantial estate. Both parties had been previously married. The husband had one child by a previous marriage who came to live with the parties. Two children were born to their marriage. The judgment awarded custody of all three children to the wife.

The divorce was granted to the wife upon the usual ground of cruel and inhuman treatment.

The husband does not question that part of the judgment which awards custody of the three children to the wife.

■ In the husband's first argument, he questions the finding of the chancellor that his net worth was $50,000. Specifically, he questions an item of depreciation allowance of $7,620.66. This allowance by the Internal Revenue Service was made in connection with the income tax of a company in which the husband was the sole owner. We think the chancellor was correct in his treatment of this item. But conceding for the purpose of discussion that the husband is correct on this item, we find that his ultimate argument is without merit for the simple reason that if we deduct the amount questioned by him, his net worth according to the chancellor's finding would still be in excess of $42,000. And according to the findings of fact and the agreement of the parties, the wife was only awarded the ownership of a house and lot in Frankfort in which both parties had an equity of only $6,000, which is approximately one-seventh of the husband's net estate.

The judgment directed that the husband pay "a further sum equal to the debt service upon the mortgage presently existing upon said residence * * * for a period of ten years from and after April 1, 1970." The monthly debt service on the mortgage debt is approximately $127. Obviously the monthly payments of the debt service for ten years will not retire the principal, not even one-half the principal; and at the end of the ten-year period, the wife will be left with a home presently worth about $21,000 with a large debt outstanding.

To summarize, the judgment awarded the wife an equity worth $6,000 in the home, and that it all. No periodic alimony was awarded unless the requirement that the husband pay the balance due on the home can be considered as future periodic alimony. But even so, the judgment does not require the husband to retire the entire mortgage.

True, the wife obtained judgment against the husband for $350 per month for the support of the three children, but no part of that amount is earmarked for the benefit of the wife. On the contrary, the judgment is clear that this entire amount is for the benefit of the children. This is made clear by the provision that the amount be reduced by $50 when the oldest child arrives at the age of eighteen years and the remaining payments be reduced by $150 when each of the other two children also arrives at the age of eighteen years.

The husband is shown by the record to have an annual income of approximately $25,000 from his various enterprises and investments. But he is heavily in debt, which may account for the failure of the trial court to allow a more substantial amount by way of property settlement and a greater award of future periodic alimony.

The husband next questions the amount allowed to the wife for maintenance of the three children ($350). The oldest child is now past ten years of age, and the youngest child is past six years of age. The wife is employed by the Commonwealth of Kentucky at a salary of $268 a month take-home pay. Considering the universally recognized high cost of living and the other circumstances, we do not think the amount allowed for their maintenance is excessive.

The husband urges upon this court in his brief that the alimony allowance to the wife (in the form of monthly payments on the house) is unjust. For the reasons heretofore pointed out, we think this argument is wholly without merit.

■ The husband's final complaint or assault upon the judgment related to that part of the judgment which directs him to convey to the wife his one-half interest in the residence in Frankfort, Kentucky. He cites KRS 403.060. It is to be noted in this connection that the record in this case shows that the deed to the parties herein to the residence vested in each an undivided

one-half interest in the property with the right of survivorship. The title of the husband was not a "fee simple" title within the meaning of KRS 403.060. Furthermore, the property was a part of the estate acquired by the joint efforts of the parties. Under the rule announced in Colley v. Colley, Ky., 460 S.W.2d 821 (1971), the chancellor had the power to divest the husband of his interest in this property as a means of marshalling the assets.

The judgment is affirmed.

All concur.